Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
MIGUEL GIOVANNY AGUILAR BACUILIMA,
*individually and on behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff,* | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION**<br>**UNDER 29 U.S.C. § 216(b)** |
| STYLE CITI FASHION, INC. (d/b/a STYLE CITI),<br>JAIME YOO, and SUN OK YOO, | **ECF Case** |
| *Defendants.* |  |

-----------------------------------------------------------------X

Plaintiff Miguel Giovanny Aguilar Bacuilima ("Plaintiff Aguilar" or "Mr. Aguilar"),

individually and on behalf of others similarly situated, by and through his attorneys, Michael

Faillace & Associates, P.C., upon information and belief, and as against each of Defendants

Style Citi Fashion, Inc. (d/b/a Style Citi), Jaime Yoo, and Sun Ok Yoo  (collectively,

"Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

1.      Plaintiff Aguilar is a former employee of Defendants Style Citi Fashion,, Inc.

(d/b/a Style Citi ) ("Defendant Corporation") Jaime Yoo, and Sun Ok Yoo.

2.      Style Citi is a female fashion store owned by Jaime Yoo and Sun Ok Yoo located

at 247 W. 38th Street, Ste. 404, New York, New York 10004.

3.      Upon information and belief, Defendants Jaime Yoo and Sun Ok Yoo serve or served as owners, managers, principals or agents of Defendant Corporation, and through this corporate entity, operate the Fashion store.

4.      Plaintiff Aguilar is a former employee of Defendants.

5.      Plaintiff Aguilar was employed as a clothing maker.

6.      Plaintiff Aguilar regularly worked for Defendants without any compensation for any of the hours that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of his hours worked, and failed to pay Plaintiff Aguilar for any hours he worked.

8.      Defendants' conduct extended beyond Plaintiff Aguilar to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Aguilar  and other employees to work without paying them any compensation  in violation of both federal and state laws and regulations.

10.     Plaintiff Aguilar  now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., including applicable liquidated damages, interest, attorneys' fees, and costs.

11.     Plaintiff Aguilar seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

2

12.    This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question).  Supplemental jurisdiction over Plaintiff Aguilar's state law claims is conferred by 28 U.S.C. § 1367(a).

13.    Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff Aguilar  was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.    Plaintiff Aguilar is an adult individual residing in Bridgeport, Connecticut.

15.    Plaintiff Aguilar was employed by Defendants from approximately February 2014 until on or about March 2015.

16.    Plaintiff Aguilar consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.    At all times relevant to this complaint, Defendants owned, operated, and/or controlled a Female fashion store located at 247 W. 38th Street, Ste. 404, New York, New York 10004.

18.    Upon information and belief, Style Citi Fashion, Inc.is a corporation organized and existing under the laws of the State of New York.  Upon information and belief, it maintains its principal place of business at 247 W. 38th Street, Ste. 404, New York, New York 10004.

3

19.     Defendant Jaime Yoo is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.  Defendant Jaime Yoo is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporation.

20.     Defendant Jaime Yoo possesses or possessed operational control over Defendant Corporation, had an ownership interest in Defendant Corporation, and/or controlled significant functions of Defendant Corporation.

21.     Defendant Jaime Yoo determined the wages and compensation of the employees of Defendants, including Plaintiff Aguilar, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

22.     Defendant Sun Ok Yoo is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.  Defendant Sun Ok Yoo is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

23.     Defendant Sun Ok Yoo possesses or possessed operational control over Defendant Corporation, had an ownership interest in Defendant Corporation, and/or controlled significant functions of Defendant Corporation.

24.     Defendant Sun Ok Yoo determined the wages and compensation of the employees of Defendants, including Plaintiff Aguilar, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

25.     Defendants operate a Female fashion store located at 247 W. 38th Street, Ste. 404, New York, New York 10004.

26.    Individual Defendants Jaime Yoo and Sun Ok Yoo possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

27.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

28.    Each Defendant possessed substantial control over Plaintiff Aguilar's (and other similarly situated employees') working conditions, over the policies and practices with respect to the employment and compensation of Plaintiff Aguilar, and all similarly situated individuals, referred to herein.

29.    Defendants jointly employed Plaintiff Aguilar , and all similarly situated individuals, and were Plaintiff Aguilar's  (and all similarly situated individual's) employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

30.    In the alternative, Defendants constitute a single employer of Plaintiff Aguilar and/or similarly situated individuals.

31.    Upon information and belief, individual Defendants Jaime Yoo and Sun Ok Yoo operate Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as a legal entity separate and apart from themselves by, among other things:

    (a)    failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b)     defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c)     transferring assets and debts freely as between all Defendants;

(d)     operating Defendant Corporation for their own benefit as the sole or majority shareholders;

(e)     operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed corporation or a closely controlled entity;

(f)     intermingling or comingling assets and debts of their own with Defendant Corporation;

(g)     diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

32.    At all relevant times, Defendants were Plaintiff Aguilar's employers within the meaning of the FLSA and NYLL.

33.    Defendants had the power to hire and fire Plaintiff Aguilar, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Aguilar's services.

34.    In each year from 2014 to 2015, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.     In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were sold in the Female fashion store on a daily basis, such as clothing and buttons, were produced outside of the State of New York.

*Individual Plaintiff*

36.     Plaintiff Aguilar is a former employee of Defendants, who was employed as a clothing maker.

37.     Plaintiff Aguilar seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Miguel Giovanny Aguilar Bacuilima*

38.     Plaintiff Aguilar was employed by Defendants from approximately February 2014 until March 2015.

39.     At all times relevant to this Complaint, Plaintiff Aguilar was employed by Defendants as a clothing maker.

40.     Plaintiff Aguilar regularly handled goods in interstate commerce, such as clothing and buttons s produced outside of the State of New York.

41.     Plaintiff Aguilar's work duties required neither discretion nor independent judgment.

42.     From approximately February 2014 until on or about March 2015, Plaintiff Aguilar typically worked from approximately 6:00 p.m. until on or about 11:00 p.m. four days a week three weeks per month and five days a week one week per month (typically 20 to 25 hours per week).

43.    Throughout his employment with defendants, Plaintiff Aguilar was not paid any wages for his work.

44.    Defendants never granted Plaintiff Aguilar any break or meal periods of any length.

45.    Plaintiff Aguilar was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

46.    Defendants did not provide Plaintiff Aguilar with an accurate statement of wages with each payment of wages, as required by NYLL § 195(3).

47.    Defendants never provided Plaintiff Aguilar with a written notice, in English and in Spanish (Plaintiff Aguilar's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

48.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Aguilar regarding overtime and wages under the FLSA and NYLL.

49.    Defendants required Plaintiff Aguilar to purchase "tools of the trade" with his own funds—including cloth.

*Defendants' General Employment Practices*

50.    Defendants regularly required Plaintiff Aguilar to work without paying him any wages for the hours he worked.

51.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Aguilar   (and all similarly situated employees) to work without paying him any wages as required by federal and state laws.

52.    Defendants' pay practices resulted in Plaintiff Aguilar not receiving any payment for any of the hours worked, resulting in Plaintiff Aguilar's effective rate of pay falling below the required minimum wage rate.

53.    By employing these practices, Defendants avoided paying Plaintiff Aguilar the minimum wage for his regular hours.

54.    Defendants failed to post required wage and hour posters in the Fashion store, and did not provide Plaintiff Aguilar with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Aguilar's relative lack of sophistication in wage and hour laws.

55.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Aguilar (and similarly situated individuals) worked, and to avoid paying Plaintiff Aguilar properly for (1) any of the hours worked, and (2) minimum wage.

56.    Defendants failed to provide Plaintiff Aguilar and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

57.    Defendants failed to provide Plaintiff Aguilar  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law § 195(1).

## FLSA COLLECTIVE ACTION CLAIMS

58.    Plaintiff Aguilar brings his FLSA Minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b) on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants and/or Defendant Corporation (the "FLSA Class").

59.    At all relevant times, Plaintiff Aguilar  and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wages under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiff Aguilar's  wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

10

60.     The claims of Plaintiff Aguilar stated herein are similar to those of the other employees.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS**

61.     Plaintiff Aguilar repeats and realleges all paragraphs above as though fully set forth herein.

62.     At all times relevant to this action, Defendants were Plaintiff Aguilar's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Aguilar (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

63.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

64.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

65.     Defendants failed to pay Plaintiff Aguilar (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

66.     Defendants' failure to pay Plaintiff Aguilar (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

67.     Plaintiff Aguilar (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK MINIMUM WAGE LAW**

68.    Plaintiff Aguilar repeats and realleges all paragraphs above as though fully set forth herein.

69.    At all times relevant to this action, Defendants were Plaintiff Aguilar's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Aguilar (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

70.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Aguilar  (and the FLSA Class members) less than the minimum wage.

71.    Defendants' failure to pay Plaintiff Aguilar (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

72.    Plaintiff Aguilar (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

73.    Plaintiff Aguilar repeats and realleges all paragraphs above as though fully set forth herein.

74.    Defendants failed to provide Plaintiff Aguilar  with a written notice, in English and in Spanish (Plaintiff Aguilar's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

75.     Defendants are liable to Plaintiff Aguilar in the amount of $5,000, together with costs and attorneys' fees.

### FOURTH CAUSE OF ACTION
### VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

76.     Plaintiff Aguilar repeats and realleges all paragraphs above as though set forth fully herein.

77.     Defendants did not provide Plaintiff Aguilar with a statement of wages with each payment of wages, as required by NYLL § 195(3).

78.     Defendants are liable to Plaintiff Aguilar in the amount of $5,000, together with costs and attorneys' fees.

### FIFTH CAUSE OF ACTION
### RECOVERY OF EQUIPMENT COSTS

79.     Plaintiff Aguilar repeats and realleges all paragraphs above as though set forth fully herein.

80.     Defendants required Plaintiff Aguilar to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his jobs, such as cloth, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

81.     Plaintiff Aguilar was damaged in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Aguilar respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be FLSA class members in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Aguilar  and the FLSA class members;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Aguilar's , and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Aguilar  and the FLSA class members;

(e)     Awarding Plaintiff Aguilar  and the FLSA class members damages for the amount of unpaid minimum wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Aguilar  and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Aguilar  and the members of the FLSA

14

Class;

(h)     Declaring that Defendants violated the recordkeeping requirements of the NYLL

with respect to Plaintiff Aguilar's , and the FLSA Class members', compensation, hours, wages;

and any deductions or credits taken against wages;

(i)     Declaring that Defendants' violations of the New York Labor Law were willful as

to Plaintiff Aguilar  and the FLSA Class members;

(j)     Awarding Plaintiff Aguilar  and the FLSA class members damages for the amount

of unpaid minimum wages under the NYLL as applicable;

(k)     Awarding Plaintiff Aguilar  damages for Defendants' violation of the NYLL

notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l)     Awarding Plaintiff Aguilar  and the FLSA class members liquidated damages in

an amount equal to one hundred percent (100%) of the minimum wages shown to be owed

pursuant to NYLL § 663 as applicable;

(m)     Declaring that Defendants' violations of NYLL § 191 was willful as to Plaintiff

Aguilar  and the FLSA class members;

(n)     Awarding Plaintiff Aguilar and the FLSA class members damages for

Defendants' failure to pay Plaintiff in a timely fashion, as required by NYLL § 191;

(o)     Awarding Plaintiff Aguilar and the FLSA class members pre-judgment and post-

judgment interest as applicable;

(p)      Awarding Plaintiff Aguilar and the FLSA class members the expenses incurred in

this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days

following issuance of judgment, or ninety days after expiration of the time to appeal and no

appeal is then pending, whichever is later, the total amount of judgment shall automatically

increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Aguilar demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
      March 3, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

      /s/ Michael Faillace
By:    Michael A. Faillace [MF-8436]
      60 East 42nd Street, Suite 2540
      New York, New York 10165
      (212) 317-1200
      *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Faillace@employmentcompliance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

January 27, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:          Miguel Giovanny Aguilar Bacuilima

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:           27 de enero de 2017

*Certified as a minority-owned business in the State of New York*