# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 East 42nd Street, Suite 4510 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

October 26th, 2017

**VIA ECF**
Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York, 10007

        **Re:**    Bacuilima v. Style Citi Fashion, Inc. (d/b/a/ STYLE CITI), et al.
               17-cv-1638 (LGS)

Your Honor:

      This office represents Plaintiff Giovanny Aguilar Bacuilima. The parties respectfully request that the Court approve the parties' settlement of the above-referenced matter as a fair and reasonable resolution of a bona fide dispute in accordance with, *inter alia*, the Fair Labor Standards Act.

      The parties have agreed to a negotiated Settlement Agreement (the "Agreement") after discovery and settlement discussions. The proposed Agreement is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, which was reached after extensive settlement discussions by the parties, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 824 (U.S. 2016).

      The parties represent to the Court that while Plaintiffs believe that the settlement amount is only slightly less than what the Plaintiff would be entitled to if he prevailed on all of his claims at trial, the settlement is fair, as discussed herein.

      The parties have weighed the risks of trial and costs of further litigation, after already having expended considerable time and resources producing responsive documents in this matter. Further discovery on the above issues would have led to protracted and even more costly litigation involving the depositions Plaintiffs, Defendants, and current and/or former employees of Defendants. The parties instead agreed to settle the matter for an amount that is fair and reasonable before the use of additional extensive resources on both sides in further discovery and at trial. After considerable negotiations, the parties reached an agreement to settle this action.

**Settlement**

      The parties have agreed to settle this action for the total sum of $20,000.00 which will be paid as outlined in **Exhibit A**. The Plaintiff estimated that after trial in light of the records produced by the Defendants and the anticipated testimony of the parties that Plaintiff could realistically expect approximately $33,000.00 in back minimum wages, liquidated damages, statement and notice violations, pre-judgment interest, and attorneys' fees all in the the best case scenario.

Hon. Lorna G. Schofield
October 26th, 2017
Page 2 of 5

This case is also somewhat unusual in the FLSA context because there was a colorable dispute about the employment nature of the relationship between the litigants and the Plaintiff brought an unjust enrichment claim of his own which clouded the potential damages obtainable after trial.

On the other hand, Defendants deny all of Plaintiffs' allegations in their Answer. Defendants maintain that Plaintiff was not an employee at all but rather a partner in a business venture that did not turn out properly.

If Defendants were to prevail on all of their defenses, the amount in damages regarding unpaid wages owed to Plaintiff would be minimal. Significantly, if the case were to go to trial, Defendants argue that they would be able to demonstrate via documentary evidence and witness testimonies that: (1) Plaintiff was not an employee at all (2) Plaintiff was not entitled to any wages, and (3) Plaintiff worked less hours and less days than they allege.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Id. (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky, 900 F.Supp.2d at 225 (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement here is fair to Plaintiff. Plaintiff has been represented by experienced counsel throughout this lawsuit and have made an informed decision to settle the action at this stage of litigation, without incurring the costs or encumbrance of lengthy litigation and trial. This recovery is also well over what Plaintiff would recover if Defendants were to successfully utilize their documentation and witnesses' testimonies to prove that Defendants paid Plaintiff in accordance with the law. Furthermore, the settlement agreement is the product of arm's-length bargaining between experienced counsels, reached after months of negotiation and the production of responsive records in Defendants' possession.

Hon. Lorna G. Schofield
October 26th, 2017
Page 3 of 5

**Plaintiff's Attorneys' Fees Are Fair and Reasonable**

Under the settlement, Plaintiff's counsel will receive one-third from the settlement fund as attorneys' fees and costs, subject to review and approval of the court. This represents one third of the recovery in this litigation, a reduction in fees from what is identified in Plaintiff's retainer agreement, which provides that forty percent of Plaintiff's recovery will be retained by the firm. Therefore, Plaintiff has already agreed to a fee that is higher than is provided for in the settlement.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiff's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain a favorable pre-trial result due to the parties' cooperative exchange of information and frequent negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

- Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. His work is billed at $450 per hour. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

- Colin Mulholland is an associate with Michael Faillace & Associates since May of 2017. He has been practicing law since February of 2013. At his first firm, Heriberto A. Cabrera & Associates, Mr. Mulholland was the lead civil litigator on dozens of civil lawsuits which included over a dozen FLSA/NYLL claims where he performed as lead counsel for three and a half years. He was an associate with Michael Lamonsoff & Associates for one year where he managed a case load of over 100 personal injury lawsuits. He bills at a rate of $350 per hour.

The lodestar amount for Plaintiff's attorneys' fees is $6,387.50, exclusive of costs. It is fair and reasonable for Plaintiff's attorneys to receive one-third of the total settlement amount. ,

Hon. Lorna G. Schofield
October 26th, 2017
Page 4 of 5

" '{T}he most critical factor' in a district court's determination of what constitutes reasonable attorney's fees in a given case 'is the degree of success obtained' by the plaintiff," Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132, 152 (2d Cir. 2008) (quoting Farrar v. Hobby, 506 U.S. 103,114 (1992)).

Here, Plaintiffs were able to obtain a satisfactory outcome in a very brief period of time, with minimal encumbrance to their clients.   In addition, the costs and fees requested are in accordance with the Plaintiffs' engagement agreements with counsel, which provided that counsel would receive their reasonable attorney's fees and be reimbursed for costs incurred.  Therefore, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Plaintiff's attorneys and their staff will still have to devote additional time to this matter after the Court approves the settlement, including administering the settlement, and addressing non-payment in the event Defendants fail to make timely payment of the settlement amount. Moreover, reducing the amount of the settlement that goes to Plaintiff's attorneys would be poor public policy, as it would remove an incentive for attorneys for plaintiffs in contingency fee FLSA cases from seeking to obtain the highest possible settlement amount.  It also would create a disincentive to early settlement, and instead create an incentive for plaintiffs' attorneys to unnecessarily increase the amount of time they, their adversaries, and the court spend on actions that can be resolved.  See Hyun, 2016 U.S. Dist. LEXIS 39115, *7 (S.D.N.Y. Mar. 24, 2016) ("[T]he Court finds that the percentage method, which avoids the lodestar method's potential to 'create a disincentive to early settlement,' is appropriate") (quoting McDaniel v. City of Schenectady, 595 F.3d 411, 418 (2d Cir. 2010)).  Among other things, it could create an incentive for attorneys in FLSA cases to make only minimal efforts to settle cases before settlement conferences, in order to add to their billable fees.  This would be an outcome that disserves Plaintiffs, Defendants, and the Court.

However, should the Court disagree and find it necessary to reduce the portion of the settlement amount to be applied to Plaintiff's attorneys from that proposed herein, the parties and Plaintiff's attorneys respectfully request that the Court approve the settlement agreement with the maximum distribution to Plaintiff's attorneys that the Court deems appropriate.

**Conclusion**

Plaintiff has been represented by counsel throughout this lawsuit, and Plaintiff's counsel has agreed to the settlement amount based on the approval of Plaintiffs.  Plaintiffs' interests have thus been adequately safeguarded.

In full consideration of the issues presented in Cheeks, we believe that the parties' Agreement is fair and reasonable, and that the settlement should be approved.  A copy of the parties' Agreement is submitted herewith.

Thank you for your consideration in this matter.

Hon. Lorna G. Schofield
October 26th, 2017
Page 5 of 5

                                          Respectfully Submitted,

                                          /s/ Colin Mulholland, Esq.
                                          Michael Faillace, Esq.
                                          Michael Faillace & Associates, P.C.
                                          *Attorneys for Plaintiff*

cc:      Defendants' Counsel (via ECF)